## Ott v. Ott

*D. Peter Johnson,* for plaintiff.
*Anthony Grieco,* for defendant.

BROWN, *J.,* June 25, 1991—Presently before the court are two issues presented by plaintiff: an objection to the entry of a bifurcated divorce decree and a motion to join certain third parties.

First, plaintiff objects to the entry of a bifurcated decree as such a decree would convert the parties' ownership of the marital residence into a tenancy-in-common and thus subject half of it to certain judgments outstanding against defendant. Defendant has agreed, however, that plaintiff be awarded the residence, with proper credit given to him there-

fore, of course. If such an award is made, the entry of a decree will not convert the ownership into a tenancy-in-common, and plaintiff will therefore suffer no prejudice. This seems to be a logical solution as plaintiff has indicated that she does want the residence. Therefore, we will award the residence to plaintiff and direct the master to begin his equitable distribution by noting such award.

With respect to the motion to join certain third parties, plaintiff seeks to join a corporation in which defendant previously held shares, but which shares he sold back to the corporation following separation. The corporation also has a loan secured by a mortgage on the marital residence. Plaintiff wishes to join the corporation in order that the court might order it to refinance its loan and thus remove the mortgage, which, the court notes, was signed by plaintiff.

We do not believe joinder would be proper. The issues presented respecting the sale of plaintiff's shares and the validity of plaintiff's liability for the mortgage may be addressed without the joinder of the corporation, and such joinder would simply complicate things unnecessarily.

## ORDER

And now, June 25, 1991, plaintiff's motion for joinder is hereby denied. Further, plaintiff's objection to entry of a bifurcated divorce decree is hereby overruled, with the proviso, however, that the marital residence be, and is hereby, awarded to plaintiff. The master shall, in equitably distributing the property, provide that plaintiff retain possession of the residence and that defendant be credited with the equitable value thereof. A divorce decree may thus be entered.